IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTOTEC, L.L.C., | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:12-CV-00896-RDP |
| | } |
| AUCTION ACCESS AUTO, INC. | } |
| d/b/a Auction Access, Inc., et al., | } |
| | } |
| Defendants. | } |

### MEMORANDUM OPINION

The court has before it Plaintiff AutoTec L.L.C.'s ("AutoTec") Motion for Default Judgment against Defendants Bid Auction Access, Inc., Bid Auction Access, LLC, and Jared Greenberg (a/k/a Jared Green) (collectively the "Defendants")[1] (Doc. # 36) based upon Defendants' failure to appear or otherwise respond to the allegations of the Complaint. For the reasons outlined below, the motion is due to be granted.   This action was commenced on March 21, 2012, by the filing of AutoTec's Complaint seeking monetary damages for alleged trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. §§ 1114, 1125(a); for trademark, servicemark, or trade-name infringement under Alabama common law; for trademark or trade-name infringement under Ala. Code § 8-12-16; for trademark or trade-name dilution under Ala. Code § 8-12-17; for deceptive trade practices under Ala. Code § 8-19-5 and § 8-19-10; for deceptive trade practices under Ala. Code § 8-19-5 and § 8-19-10; and for dilution of AutoTec's marks in violation of Section 43(c) of the

---

[1] Plaintiff filed a Notice of Dismissal Without Prejudice of Defendant Auction Access Auto, Inc. (Doc. # 35), on May 9, 2012. Plaintiff's claims against Auction Access Auto, Inc. will be dismissed by separate order.

Lanham Act, 15 U.S.C. § 1125(c), and Alabama common law. (Doc. # 1). A copy of the Summons and Complaint was served on Defendants Jared Greenberg (a/k/a Jared Green) and Bid Auction Access, Inc. on March 27, 2012, and Defendant Bid Auction Access LLC on March 30, 2012, all by certified mail. (Docs. # 12, 14, 15). To date, Defendants have neither filed anything with the court in defense of this action nor contacted the court in any manner about this case, despite being served with a Summons, a Complaint, and the pending Motion for Default Judgment. Therefore, in response to Plaintiff's April 19-23, 2012 Motions for Entry of Default (Docs. # 19-22), the Clerk of this Court entered default against Defendants on April 25, 2012. (Doc. # 30).[2]

Plaintiff now seeks a Rule 55(b) default judgment against Defendants, a final permanent injunction against Defendants, and entry of a judgment against Defendants awarding attorneys' fees of $22,556.75, plus costs of this action. (Doc. # 36). Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.

---

[2]Default was entered upon the verified applications of Plaintiff's counsel (as amended) and the records in the court reflecting that more than twenty-one days had elapsed since Defendants, Auction Access Auto, Inc. (d/b/a Auction Access, Inc.); Bid Auction Access, Inc.; Bid Auction Access, L.L.C.; and Jared Greenberg (a/k/a Jared Green), were duly served but that Defendants had failed to answer or otherwise plead to the Complaint. (Doc. # 30).

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55(b)(1),(2). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[3] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because a plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of AutoTec and against Defendants is appropriate because all of the requirements of Rule 55(b)(1) are satisfied in this case. AutoTec has submitted affidavit testimony evidencing that Defendants were duly served by certified mail[4] with a copy of the Summons, together with a copy of the Complaint, that more than twenty-one days have elapsed since the date on which Defendants were served with the Summons and a copy of the

---

[3] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

[4] The Certified Mail card that was sent to Defendants with the Summons and Complaint was returned and it appears that the person accepting service is a registered agent or person allowed to accept service. Accordingly, the court's docket reflects service on Defendants. (Docs. # 12, 14, 15).

Complaint, and have failed to answer or otherwise defend as to Plaintiff's Complaint, or serve a copy of any answer or other defense which Defendants might have upon Plaintiff's counsel. (Docs. # 26-29). Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because Defendants have previously been declared in default by the court's Order of April 25, 2012 (Doc. # 30), their liability is established. *Id.*

The Complaint does not seek money damages (other than attorneys' fees and costs) but rather seeks only default judgment against Defendants, a final permanent injunction against Defendants, and entry of a judgment against Defendants awarding attorneys' fees of $22,556.75, plus costs of this action. Accordingly, Rule 55(b)(1) – and not 55(b)(2) – governs this case. Moreover, because damages are not sought, an evidentiary hearing is unnecessary and the court may adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." Fed.R.Civ.P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Therefore, based upon the court's review of the affidavit testimony and its study of the relevant case law, AutoTec's request for the entry of a final default judgment against Defendants is due to be granted. The court will enter a final default judgment in favor of AutoTec and against Defendants that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this _____18th_____ day of June, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE